**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Ronald E. Porter,

    Plaintiff,

v.

Commissioner of Social Security

    Defendant.

Case No. 1:18cv281

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon the Magistrate Judge's August 23, 2019 Report and Recommendation ("R&R") recommending that the ALJ's finding of non-disability should be REVERSED and REMANDED because it is not supported by substantial evidence in the administrative record.

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). The Commissioner filed objections to the Magistrate Judge's R&R. (Doc. 14). Plaintiff filed a response to those objections. (Doc. 15).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address the

Commissioner's objections.

The Commissioner maintains that the Magistrate Judge's R&R was in error to the extent that the Magistrate Judge concluded that the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician, Dr. Heather Owens, M.D.

**I. ANALYSIS**

An ALJ must give a treating source opinion concerning the nature and severity of the claimant's impairment controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 416.927(c)(2); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).[1] If the ALJ determines a treating source opinion is not entitled to controlling weight, "the ALJ must provide 'good reasons' for discounting [the opinion], reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

As the Magistrate Judge noted, in June of 2017, Dr. Owens opined that Plaintiff could not walk the length of a city block without the need to rest due to pain; he could not walk on uneven terrain; and he could not climb steps without the use of a handrail. (Tr. 389). Dr. Owens opined that Plaintiff had problems with balancing, stooping, crouching, and bending and could not sit more than 4 hours total nor stand more than 3 hours total in an 8-hour workday. (Tr. 389-390). Dr. Owens stated Plaintiff could not lift 20 pounds;

---

[1] It should be noted that revised versions of these regulations took effect on March 27, 2017. *See* 82 Fed. Reg. 5844 (March 27, 2017). However, because Plaintiff's disability claim was filed before the effective date, the previous version of the regulations are applicable.

could only "rarely" lift 15 pounds or less; and could only rarely carry 10 pounds or less. (Tr. 390). Dr. Owens stated that Plaintiff could not push or pull arm or leg controls while sitting and could not climb stairs, ladders, scaffolds, ropes or ramps. (Tr. 391). Dr. Owens opined that Plaintiff would be off task more than 30% of the workday, and would be absent more than five days per month due to his medical impairments. (Tr. 391).

The Magistrate Judge concluded that the ALJ's articulated reasons for rejecting Dr. Owens' opinions do not constitute "good reasons" for rejecting all of her findings. The Magistrate Judge explained that the ALJ found Dr. Owens' opinion was inconsistent with her treatment notes because Dr. Owens had twice noted that Plaintiff's neuropathy was stable and his neck and straight leg raising was normal. The Magistrate Judge explained that the ALJ overlooked or ignored portions of the record which were consistent with the opinions of Dr. Owens, while selecting portions of the record supporting his non-disability decision. The Magistrate Judge pointed to evidence in the record which indicated that Plaintiff had diminished pinprick in the legs, peripheral neuropathy, degenerative disc disease and radiculopathy. The Magistrate Judge also noted that Dr. Owens' opinion was consistent with the June 2017 findings of physical therapist Karen Scholl and the state agency examining physician, Dr. Jennifer Wischer Bailey, M.D.

The Court finds no error in the Magistrate Judge's conclusion. The ALJ explained that Dr. Owens is a treating physician and found sensory deficits in the feet. (Tr. 62). This is consistent with the findings of Dr. Bailey, who found that "[p]inprick is diminished bilaterally from the mid thighs to the toes." (Tr. 331-332). Dr. Bailey diagnosed "peripheral neuropathy in his lower extremities, particularly his feet." (Tr. 332). A June 10, 2015 EMG shows nerve damage. (Tr. 314-315). The results of this EMG were in

3

Dr. Owens' records for Plaintiff. (Tr. 324). The ALJ explained that this June 10, 2015 EMG supported Dr. Bailey's clinical finding of below-the-knee peripheral neuropathy. (Tr. 62). Dr. Tamer Abou-Elsaad, a neurologist, also found decreased sensation "to PP, touch, and vibration in knees and below." (Tr. 336) Dr. Abou-Elsaad diagnosed "chronic paresthesia secondary to length dependent large fiber polyneuropathy." (Tr. 336). Therefore, there were portions of the record were consistent with the opinions of Dr. Owens. As the Sixth Circuit has explained: "A more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation requires." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c); Soc. Sec. Rul. No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996)). Accordingly, the Commissioner's objections on this point are OVERRULED.

II. **CONCLUSION**

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's August 23, 2019 R&R (Doc. 13). Accordingly, it is hereby **ORDERED** that:

1. The Commissioner's decision to deny Plaintiff DIB benefits is **REVERSED** and this matter be **REMANDED** under sentence four of 42 U.S.C. § 405(g) consistent with the August 23, 2019 R&R;

2. Plaintiff's Motion for a Sentence Six Remand (Doc. 8) is **DENIED as MOOT**; and

3. This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                               */s/ Michael R. Barrett*
                         Michael R. Barrett, Judge
                         United States District Court